UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

EAGER BEAVER TREE SERVICE, INC.,

                Plaintiff,      07 Civ.   (   )

    -against-

                                COMPLAINT

TOWN OF LEWISBORO, New York,

               Defendant.     Jury Trial Demanded

----------------------------------------------------------x

          JUDGE ROBINSON

          07 CIV 10535

Plaintiff EAGER BEAVER TREE SERVICE, INC., by its attorneys Lovett & Gould, LLP, for its complaint respectfully states:

## NATURE OF THE ACTION

1. This is an action for compensatory damages proximately resulting from Defendant's conduct engaged in in violation of Plaintiff's rights as guaranteed by 42 U.S.C. §1983.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiff EAGER BEAVER TREE SERVICE, INC. is a New York domestic corporation with offices for the conduct of business on Route 123 in the Defendant Town.

1

4. Defendant TOWN OF LEWISBORO (hereinafter "Town"), New York, is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

5. In early January 2007, Plaintiff's principal (Douglas Paulding) wrote a letter to the Town of Lewisboro (addressed to the Town Supervisor and cc'd to each member of the Town's Planning Board) stating in pertinent respect:

> "I am writing to you as a concerned citizen regarding several matters of public importance - - public safety in Lewisboro and the waste of taxpayers' money.
>
> Eager Beaver Tree Service, situated on Route 123 in the Village of Vista, received site plan approval from the Planning Board the conditions of which if implemented would have presented a serious health/ safety risk. Specifically, by reason of the plan's configuration trucks frequenting the premises would have been required to park on Route 123, interfering with the flow of traffic, diminishing the site distance for the operators of other vehicles, and potentially being the precipitant of motor vehicle accidents.
>
> When a curb cut was being created on site [eight years ago], representatives of the New York State Department of Transportation were present and directed that that cut be made in a manner different from that

depicted on the approved site plan. Since the construction workers, vehicles and equipment were also on site and prepared to immediately commence work on the curb cut, Eager Beaver complied with the directive from DOT.

Thereafter Eager Beaver applied to the Planning Board for approval of the curb cut as built. Despite the clear and present danger inherent in the site plan as approved, at the urging of the Planning Board's experts the as built approval has been repeated[ly] denied.

My concerns about vehicular traffic are shared by the Town's Building Inspector. As he put it, the as built "works", the as approved "does not". Indeed he recently suggested that Eager Beaver remove the as built curb cut, construct the as approved curb cut and then apply to the Planning Board for approval of the previously as built configuration - - thereby wasting substantial money and wasting the time of the Planning Board - - all as a means of ensuring. . .safe. . . ingress to the Tree Service's premises.

I do not believe that the deliberate wasting of money and government officials' time should be obligatory in order to protect the public health and safety. Since I trust that you concur, I would appreciate you and your [Town] Board's intervention in order to guide the Planning Board to a reasonable resolution of this matter".

6. Within a matter of days following the receipt by Defendant's officials of Paulding's expression of concerns as contained in the referenced correspondence and because of that expression, one member of the Planning Board informed Paulding by voicemail: "You really are an ass". Defendant then commenced against Plaintiff, and to date continues to prosecute, a series of retaliatory code enforcement proceedings intended both to punish the corporation for its principal's ideas and thoughts and destroy the corporation's economic viability.

7. As a proximate result of Defendant's conduct Plaintiff has suffered substantial and ever-increasing economic losses, has been deprived of its use of the at-issue premises, suffered a substantial loss in value to its real property, and otherwise has been damaged.

## AS AND FOR A CLAIM

8. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "7", inclusive.

9. Under the premises Defendant violated, on a third-party standing basis, Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

    a. Awarding such compensatory damages as the jury may determine,

    b. Awarding reasonable attorney's fees and costs, and,

      c. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      November 20, 2007

                                            LOVETT & GOULD, LLP
                                            Attorneys for Plaintiff
                                            By:
                                            Jonathan Lovett (4854)
                                            222 Bloomingdale Road
                                            White Plains, N.Y. 10605
                                            914-428-8401

5